**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0488n.06**
**Filed: August 12, 2008**

**No. 06-1581**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HERBERT LEO LOVE, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MERRITT, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge. Herbert Love appeals his sentence for a fifteen-year-old drug-conspiracy conviction. We reject Love's claim that the Sixth Amendment requires a jury rather than a judge to determine the applicable drug quantity. We remand for resentencing, however, because the district court neglected to first calculate Love's applicable Guidelines range and statutory maximum before imposing sentence.

I.

Love participated in a cocaine-trafficking conspiracy that geographically spanned Colombia, Florida, and Michigan. In 1993 the government indicted him and twenty-three codefendants for conspiracy to distribute more than five kilograms of cocaine. *See* 21 U.S.C. § 841(b)(1)(A); *id.* §

846. Six days into his eight-day jury trial, Love jumped bond and fled. The jury entered a guilty verdict in his absence, and although the United States Probation Office prepared a presentence report ("PSR") at the time, the district court did not sentence Love until he resurfaced in California more than ten years after the trial. At the long-delayed sentencing, the Government urged that Love—in keeping with an updated PSR—be held responsible for between 150 and 500 kilograms of cocaine. The court, after hearing Love's objection to the quantity, determined that he was responsible for a lesser amount—between 50 and 150 kilograms—and imposed a 240-month sentence.

Love now appeals, challenging the propriety of the judge rather than the jury determining the drug quantity for which he was sentenced. He also presses his counsel's allegedly ineffective assistance in failing to raise this error below. We reject these two claims because our precedent permits district courts to determine applicable drug quantities that, as here, do not affect a defendant's maximum sentence.

Love's appeal does succeed, however, on one issue. We agree with Love that, in sentencing him, the district court neglected to first calculate the proper Guidelines range within the relevant statutory framework. We accordingly vacate Love's sentence and remand for resentencing.

II.

Love contends that the Sixth Amendment, as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), forbids sentencing courts from finding facts that increase a defendant's sentence for a

drug offense unless a jury has designated a drug quantity by special verdict. Love infers from *Apprendi* that the jury's determination of guilt for an unspecified quantity of cocaine permits sentencing for only the minimum amount punishable under the Guidelines—less than twenty-five grams.

We review Love's *Apprendi* challenge for plain error because he failed to object to the constitutionality of the sentencing court's factfinding. *See* Fed. R. Crim. P. 52(b); *United States v. Highgate*, 521 F.3d 590, 595 (6th Cir. 2008) (holding that forfeited claims can only be corrected if a defendant demonstrates plain error). And although Love attempts to avoid plain-error review by categorizing judicial factfinding at sentencing as structural error, our cases foreclose that construct. *See, e.g.*, *Campbell v. United States*, 364 F.3d 727, 737 (6th Cir. 2004) ("*Apprendi* errors are considered to be trial-type errors."); *Stewart*, 306 F.3d 295, 319 (6th Cir. 2002) (omitting a drug quantity from an indictment and jury instructions is a trial error, not a structural error).

We find no Sixth Amendment error here, plain or otherwise. Love's *Apprendi* argument ignores *Harris v. United States*, 536 U.S. 545 (2002), which held that juries need only determine the "outer limits" of a sentence, *see id.* at 567, leaving the court free to make factual determinations that increase the sentence within the jury-authorized range. *Id.* Love's 240-month sentence does not exceed the maximum statutory penalty applicable to his conviction for an indefinite quantity of

cocaine.[1]  *See id.* § 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years."); *id.* § 812, Schedule II(a)(4) (treating cocaine as a Schedule II controlled substance).

And Love is wrong to believe that *United States v. Booker*, 543 U.S. 220 (2005), which extended *Apprendi* to federal sentencing, somehow overruled *Harris*; our decisions confirm that *Harris* remains good law.  *See United States v. Thompson*, 515 F.3d 556, 565 (6th Cir. 2008) (collecting many citations showing *Harris*'s continuing viability); *see also United States v. Sexton*, 512 F.3d 326, 330 (6th Cir. 2008) ("Since defendants were sentenced under an advisory Guidelines scheme, the maximum statutory penalty that the district court could impose was determined by the statute of conviction, rather than by a Guidelines range calculated using only jury findings.").

Love also argues that his sentencing counsel rendered ineffective assistance by failing to object to the district court's factfinding and by conceding his responsibility for more than twenty-five grams of cocaine.  Faced with fresh law and a stale record, we could leave this claim for collateral review under 28 U.S.C. § 2255, as is our practice on direct review when the record is inadequate to

---

[1]As we discuss below, *see infra* at 8–9, the Government's argument that Love's prior drug felony conviction actually results in a minimum sentence of twenty years and a maximum sentence of thirty years skews the discussion because the Government never pressed the prior conviction in the sentencing court.  It is true that mandatory minimum sentences avoid the need to wrestle with any impermissible factfinding, *see United States v. Smith*, 419 F.3d 521, 531–32 (6th Cir. 2005); *see also United States v. Paige*, 470 F.3d 603, 611 (6th Cir. 2006), but the mandatory-minimum theory needlessly complicates the *Apprendi* analysis because the sentencing court did not exceed the baseline twenty-year statutory maximum sentence with or without the prior felony conviction and therefore did not violate *Apprendi*.

assess the merits of the defendant's allegations. *See United States v. Franklin*, 415 F.3d 537, 555 (6th Cir. 2005). In this case, however, further factual development is unnecessary to assess Love's claim because Love had no viable *Apprendi* challenges for counsel to lodge.

Nor do we fault counsel's decision to concede Love's responsibility for more than twenty-five grams of cocaine. Love's counsel persuaded the district court to deviate from the PSR's recommended quantity finding—reflecting some demonstrable success. Had counsel been unwilling to concede—when the trial evidence so clearly pointed to much greater responsibility—Love might not have received that beneficial deviation. We find that counsel's failure to raise untenable constitutional and evidentiary disputes did not prejudice Love and therefore does not support his claim of ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 690–91 (1984).

III.

A. Review of Sentencing Challenges

We next examine Love's bid for resentencing. We review Love's sentencing claims "for reasonableness, which accounts for the procedural and substantive components of sentencing." *Highgate*, 521 F.3d at 595 (citing *Rita v. United States*, ___ U.S. ___, 127 S. Ct. 2456, 2462 (2007)).

The Government correctly observes that *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc), confirmed that plain error review applies to unpreserved sentencing claims, so long as the district court asks the defendant the so-called *Bostic* question, which "gives counsel a chance

to ask the sentencing judge for clarifications about the proposed sentence it just announced." *Id.* at 390. In *Vonner*, the district court asked whether the defendant "had any objection to the sentence just pronounced not previously raised." *Id.* at 386 (internal quotation marks and formatting omitted). The district court here, however, asked, "Anything else?"—a spare question that we have found insufficient under *Bostic*. *United States v. Clark*, 469 F.3d 568, 570–71 (6th Cir. 2006); *see also United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007) (finding "Do you have anything further for the record?" insufficient to satisfy *Bostic*). Love having been denied a proper *Bostic* opportunity to question his sentence, we review under the familiar reasonableness standard. *See Gall v. United States*, 128 S. Ct. 586, 594 (2007).

    B. Failure to Calculate a Guidelines Range

We first determine whether the district court committed procedural errors when it imposed Love's sentence. *Vonner*, 516 F.3d at 407. Love rightly points out that the district court failed to calculate his Guidelines range before announcing a sentence, rendering his sentence procedurally unreasonable and requiring a remand.

A properly calculated Guidelines range should be "the starting point and the initial benchmark" in sentencing. *Gall,* 128 S. Ct. at 596. The failure to calculate the Guidelines range is a "significant procedural error," *id.* at 597, because appellate courts cannot be sure that the district judge did not "simply select[] what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).

The court's error here stems from its decision to deviate from the PSR's recommended quantity calculation (advocated by the Government)—more than 150 kilograms of cocaine—in favor of a more lenient amount assessment, between 50 and 150 kilograms. The record reflects no new Guidelines-range calculation for the court's quantity choice. After addressing Love and reviewing his history and characteristics, the court imposed a 240-month sentence.

The court sentenced consistent with the PSR recommendation—a 240-month sentence—while rejecting the quantity upon which the 240-month sentence was based. It did not explain why it accepted the PSR's result while rejecting its reasoning, and the PSR itself is silent as to why the United States Probation Office recommended a sentence below the applicable Guidelines range, other than to say that the recommended sentence reflected its consideration of the 28 U.S.C. § 3553(a) factors. We *do* know that the PSR recommendation did not rest on the twenty-year statutory maximum sentence of 21 U.S.C. § 841(b)(1)(C) because it reported a maximum sentence of life imprisonment, *see id.* § 841(b)(1)(A) (providing a maximum life sentence for defendants responsible for more than five kilograms of cocaine). Suffice it to say, imposing a sentence without first calculating the proper Guidelines range flaws the procedure. *See Gall*, 128 S. Ct. at 596.

The court not only failed to calculate the Guidelines range as a starting point, but also to evaluate the ending point, the statutory maximum. Love was subject to a 240-month statutory maximum sentence, *see* 21 U.S.C. § 841(b)(1)(C), yet the district court showed no awareness of its statutory constraints and seems only to have chanced upon a sentence equal to the statutory

maximum. We cannot say whether the district court would have imposed a 240-month sentence knowing that it was Love's maximum permissible sentence. The district court accepted several mitigating factors, and it might have found Love did not deserve the highest sentence among drug offenders with unspecified-quantity verdicts.

The Government argues that resentencing would be futile because 240 months was Love's statutory mandatory-*minimum* sentence rather than his maximum sentence. In support of this statement, it points to Love's prior Texas felony drug conviction. Under § 841(b)(1)(A), a defendant who has conspired to distribute more than five kilograms of cocaine is subject to a mandatory minimum sentence of ten years, but a prior felony drug conviction that has become final increases the mandatory minimum sentence to twenty years, or 240 months.

As it was required to do, the Government introduced records of the conviction before trial and gave Love notice that it intended to seek an enhanced minimum sentence under 21 U.S.C. § 841(b)(1)(A). *See* 21 U.S.C. § 851(a)(1). Love objected to the notice, arguing that the Texas conviction, a deferred adjudication, had not become final, as required under the section to enhance his sentence. The record contains no evidence that the trial court acknowledged the dispute, let alone ruled on it, perhaps because Love soon absconded.

On top of failing to seek a ruling from the trial court about whether Love's Texas conviction had become final, the Government never drew the attention of the sentencing court to the statutory import of Love's prior felony conviction. The record belies the Government's contention that the

sentencing court simply imposed a mandatory minimum sentence relying on § 841(b)(1)(A). The sentencing transcript contains only one reference to the Texas conviction, when the court said, "[I]t appears that at the time Mr. Love was before this Court, he had a recent drug conviction from state court." The context of the statement—just before discussing some of the 18 U.S.C. § 3553(a) factors, such as the "history . . . of the defendant"—suggests the court did not view 240 months as the mandatory minimum sentence. The Government's argument that the court imposed a mandatory minimum sentence therefore fails to alter our conclusion that the district court imposed a procedurally unreasonable sentence.

IV.

Because the district court failed to calculate the appropriate Guidelines range or consider the relevant statutory constraints before imposing a sentence, we vacate Love's sentence and remand so that the district court can impose a reasoned sentence consistent with this opinion.

**MERRITT, Circuit Judge, concurring.** I agree with my colleagues that the sentence imposed on Love was procedurally unreasonable, thus requiring a remand. I write separately, however, because I believe that the majority's prescription for calculating Love's sentence on remand does not sufficiently protect the defendant's Sixth Amendment jury trial right.

As I have said in many other cases, I do not agree that the sentencing judge or the courts of appeals are empowered after the *Blakely-Booker-Cunningham* line of cases to make findings of fact beyond the facts of the jury verdict or guilty pleas – new fact findings that ratchet up the sentence. *See, e.g, United States v. Thompson*, 515 F.3d 556 (6th Cir. 2008); *United States v. Phinazee*, 515 F.3d 511 (6th Cir. 2008). Indeed, as the Supreme Court explained in *Cunningham v. California*, "under the Sixth Amendment, any fact that exposes a defendant to a *greater potential* sentence must be found by a jury, not a judge." 549 U.S. 270, 127 S. Ct. 856, 863-64 (2007) (emphasis added).

In this case, the government charged the defendant with conspiracy to distribute more than five kilograms of cocaine. But the jury, following the instructions of the trial judge, did not make any findings regarding drug quantity in reaching its guilty verdict *in abstentia*. Absent additional facts found by the jury or admitted by the defendant, therefore, the defendant would be subject to a base offense level of 12 and a statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C). *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c) (2006). Here, we have such an admission by the defendant. At the sentencing hearing in 2006, defense counsel urged the court to reject the government's contention that the defendant was responsible for 150 to 500 kilograms of cocaine, but

conceded that the defendant was responsible for an amount of cocaine equivalent to a base offense level of 34 (*i.e.* 15 to 50 kilograms). *See* Joint Appendix at 427-28; U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c) (2006). Consequently, on remand the district court judge may consider this amount in imposing a sentence "sufficient, but not greater than necessary" to comply with the sentencing factors elaborated in § 3553(a).