**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0095n.06
Filed: February 4, 2009

No. 07-5904

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| MARCUS DALE ROBERTSON, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

**Before: MARTIN and MOORE, Circuit Judges; and GWIN,[\*] District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Marcus Dale Robertson ("Robertson") appeals his sentence of 84 months of imprisonment resulting from his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On appeal, Robertson's sole argument is that his sentence is procedurally unreasonable because the district court failed to address his primary argument for a variance from the guideline range. For the reasons discussed below, we **VACATE** Robertson's sentence and **REMAND** for resentencing.

## I. FACTS AND PROCEDURE

The facts of this case are not in dispute. On January 17, 2007, a grand jury indicted Robertson for one count of being a felon in possession of a firearm, in violation of 18 U.S.C.

---

[\*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

§§ 922(g)(1) and 924. Robertson pleaded guilty to the charge on April 2, 2007. A Presentence Investigation Report ("PSR") was subsequently prepared, which calculated Robertson's total offense level to be 23 and his criminal history category to be V, resulting in a guideline range of 84 to 105 months. In calculating this guideline range, the PSR twice considered one of Robertson's prior controlled-substances convictions, for attempted sale of less than 0.5 grams of cocaine, once for purposes of calculating his total offense level under U.S.S.G. § 2K2.1(a)(2) and again in determining his criminal history score.

Robertson filed a sentencing memorandum, arguing for a below-guideline sentence based on three facts: (1) Robertson's prior controlled-substances conviction had been double-counted, once to set his base offense level to twenty-four under § 2K2.1(a)(2) and once in increasing his criminal history score by three points, which increased his criminal history category by one level, resulting in "dual punishment" and a guideline range that was greater than necessary to achieve the objectives of 18 U.S.C. § 3553(a); (2) Robertson completed barber school and hoped to start his own business after release from prison; and (3) Robertson had a close relationship with his 12-year-old daughter. Joint Appendix ("J.A.") at 14-22 (Sent. Mem. at 1-9). The memorandum stated that, based on these facts, Robertson "urg[ed] the Court, pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. §§ 5K2.0, 5H1.2 and 5H1.6, to depart downward from the recommended advisory guideline range." J.A. at 14 (Sent. Mem. at 1). Robertson also requested a sentence of 63 months, contending that such a sentence "is sufficient, but no greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a)." *Id*.

The Government responded to the sentencing memorandum and addressed all three of Robertson's arguments. However, in addressing the double-counting argument, the Government

contended only that the double-counting of offenses is permissible under *United States v. Wheeler*, 330 F.3d 407, 413-14 (6th Cir. 2003), and U.S.S.G. § 2K2.1.

The district court held Robertson's sentencing hearing on July 2, 2007. At the hearing, Robertson's counsel and the district judge engaged in the following colloquy regarding Robertson's double-counting argument:

> THE COURT: All right. Mr. Small, I think [the] government pointed out there is [a] Wheeler case arising out of our state that says it's appropriate to consider these drug convictions.
>
> MR. SMALL: Your Honor, let me just be clear. I didn't make a specific objection to the calculations. In fact, I had no objections to the calculations.
>
> THE COURT: But you were making the argument that the sentence ought to be reduced.
>
> MR. SMALL: That's the argument I'm making, Your Honor. I'm just making it under the 3553(a) factor. And frankly, with the exception of the immigration guideline, there is no other guideline that punishes a defendant more harshly for a criminal record than a gun guideline. So I was just making that argument for factors under 3553(a), not as a specific objection to the guideline calculations.
>
> THE COURT: Okay. The Court will, therefore, find that the total offense level is 23, the Criminal History Category is V, the guideline range is 84 to 105 months . . . .

J.A. at 45-46 (Sent. Hr'g Tr. at 4-5). Both parties then made arguments regarding the § 3553(a) factors. Although neither party explicitly discussed the double-counting argument at this time, Robertson's counsel did note that, "as I pointed out earlier, the objection, it wasn't an objection I had made," but rather was merely an attempt to illuminate the fact that counsel could find nothing "in the application notes in [terms] of how the guidelines were structured for the specific type of offense

that there is any particularized reason to . . . substantial[ly] enhance[] Mr. Robertson's guideline range to the 84 month range." J.A. at 46-47 (Sent. Hr'g Tr. at 5-6).

After hearing the arguments of counsel and Robertson's allocution, the district judge stated that, "[f]or clarity of the record, the Court has considered the factors under 3553(a) concerning the defendant, his personal history, his criminal history, [and] the other factors under 3553(a)." J.A. at 55 (Sent. Hr'g Tr. at 14). The district judge then detailed Robertson's criminal history and pronounced sentence—84 months of imprisonment. J.A. at 55-56 (Sent. Hr'g Tr. at 14-15). The district judge further noted that "[t]he Court has tried to recognize your recent efforts at getting a vocation that will give you a job, a productive job. The Court has tried to recognize your sensitivity to the needs of your daughter." J.A. at 57 (Sent. Hr'g Tr. at 16).

After pronouncing sentence, the district judge asked, "Are there any other matters, either side?" *Id*. Robertson's counsel pointed out that the district judge had failed to inform Robertson of his right to appeal. After informing Robertson regarding this right, the district judge asked again, "Are there any other matters?" *Id*. Both counsel replied, "No, Your Honor." *Id*. Robertson timely appealed.

## II. ANALYSIS

Robertson's sole contention on appeal is that the district court erred when it failed to address Robertson's argument that his sentence should be reduced because the double-counting of one prior drug conviction in calculating his guideline range led to dual punishment that produced a "guidelines range greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a)." Robertson Br. at 9. For the reasons discussed below, we agree.

4

**A. Standard of Review**

"Post-*Booker*, we review a district court's sentencing determination under a deferential abuse-of-discretion standard, for reasonableness." *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008) (internal quotation marks omitted).[1] Reasonableness review has both a procedural and a substantive component. *See Gall v. United States*, --- U.S. --- , ---, 128 S. Ct. 586, 597 (2007); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). Thus, when reviewing a district court's sentencing determination, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597.

A sentence is procedurally unreasonable "if the sentencing judge fails to 'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments

---

[1]In its brief, the government seems to imply that a general abuse-of-discretion standard applies in sentencing cases. Gov't Br. at 20. Such an assertion is inaccurate. A review of our caselaw reveals that the "abuse-of-discretion standard, for reasonableness" is a standard whose parameters are specifically defined by Sixth Circuit precedent and thus is more than general abuse-of-discretion review. *See, e.g., Presley*, 547 F.3d at 629-30 (holding that a sentence is reviewed under an "abuse-of-discretion standard, for reasonableness," but, in lieu of undertaking traditional abuse-of-discretion review, applying the specifically defined procedural and substantive reasonableness requirements); *United States v. Bolds*, 511 F.3d 568, 578-79 (6th Cir. 2007) (holding that "[a] district court necessarily abuses its sentencing discretion if it commit[s][a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range," rather than applying the traditional abuse-of-discretion standard) (internal quotation marks omitted) (first alteration added). Thus, any argument that only traditional abuse-of-discretion principles apply in reviewing a sentence for reasonableness is misplaced.

and has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Lalonde*, 509 F.3d 750, 769-70 (6th Cir. 2007) (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, ---, 127 S. Ct. 2456, 2468 (2007)); *cf. Rita*, 127 S. Ct. at 2468 ("Unless a party contests the Guidelines sentence generally under § 3553(a)—that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way—or argues for departure, the judge normally need say no more. . . . Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments."). Although sentencing courts are not required to "give the reasons for rejecting any and all arguments [made] by the parties for alternative sentences," *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc), for a sentence to be procedurally reasonable, "[w]hen a defendant raises a particular[, nonfrivolous] argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Lalonde*, 509 F.3d at 770 (internal quotation marks omitted); *see also United States v. Peters*, 512 F.3d 787, 789 (6th Cir. 2008) (holding that a sentence is not procedurally reasonable if, "[w]hen the defendant or prosecutor 'presents nonfrivolous reasons for imposing a different sentence,' . . . a sentencing judge [fails to] address the 'parties' arguments' and 'explain why he has rejected those arguments'" (quoting *Rita*, 127 S. Ct. at 2468)).

The Government contends that, rather than review Robertson's argument under the normal reasonableness standard, we should review Robertson's sentence only for plain error because Robertson did not object below to the district court's failure to consider Robertson's double-counting argument. This argument is without merit.

6

We have articulated the requirements that must be satisfied at the district-court level in order to subject an argument on appeal to plain-error review:

> [D]istrict courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, [must] ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal. If a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity [to] speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.

*United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (footnote omitted). *See also Vonner*, 516 F.3d at 385-86 (applying *Bostic* to procedural reasonableness claims). We have repeatedly stressed that "[a] district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not been previously raised." *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006) (holding that the *Bostic* requirements were not satisfied when a district court asked "Anything else, Ms. Goode?"); *Thomas*, 498 F.3d at 340 (concluding that the district court asking "Do you have anything further for the record, Mr. Canady?" did not satisfy *Bostic*); *United States v. Love*, 289 F. App'x 889, 893 (6th Cir. 2008) (unpublished opinion) (noting that "Anything else?" was the type of "spare question that we have found insufficient under [*Bostic*]").

In the instant case, after the district judge pronounced sentence, he asked, "Are there any other matters, either side?" J.A. at 57 (Sent. Hr'g Tr. at 16). After a brief exchange regarding the right to appeal, the district judge again asked, "Are there any other matters?" *Id*. The district judge never "clearly ask[ed] for objections to the sentence," *Clark*, 469 F.3d at 570; rather, the district judge asked a question that is similar to the types of questions that we have determined are

insufficient under *Bostic*, *see id*.; *Thomas*, 498 F.3d at 340. Thus, the district court did not meet the *Bostic* requirements, and Robertson's argument is therefore not subject to plain-error review.

## B. Procedural Reasonableness

Robertson asserts that the district court did not consider or address his argument "that the double-counting of [Robertson's] prior controlled substances conviction[]—once for purposes of calculating his total offense level under 2K2.1(a)(2) and then again in determining his criminal history score—resulted in a[n] advisory guidelines range greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a)." Robertson Br. at 9. As an initial matter, it is important to outline exactly what Robertson argued before the district court. Robertson's sentencing memorandum asked the court for "a downward departure, based on what amounts to dual punishment for the same conviction." J.A. at 18 (Sent. Mem. at 5). Although Robertson used the word "departure," it is clear from the context of the sentencing memorandum and Robertson's counsel's clarification and argument before the district court at the sentencing hearing that what Robertson was really requesting was a downward variance based on the § 3553(a) factors because of the double-counting issue. *See United States v. Jordan*, 544 F.3d 656, 671 n.12 (6th Cir. 2008) (explaining the difference between a "departure" and a "variance" for purposes of sentencing).

An argument that a district court should award a variance based on the § 3553(a) factors because the guideline range double-counted prior offenses is a nonfrivolous argument. *See, e.g., United States v. Carballo-Arguelles*, 446 F. Supp. 2d 742, 745 (E.D. Mich. 2006) (awarding "a one-level reduction in [defendant's] total offense level to mitigate the double-counting of [defendant's] prior conviction"); *United States v. Hernandez-Fierros*, 453 F.3d 309, 313 (6th Cir. 2006) (acknowledging that a sentencing court could "reject[] the recommended Guidelines range

8

based on defendant's arguments" that double-counting offenses under U.S.S.G. § 2L1.2 makes application of the guideline range unwarranted).[2]  Because Robertson raised a nonfrivolous request for a variance, the district judge was required to "address [Robertson's ']arguments' and 'explain why he has rejected those arguments.'"  *Peters*, 512 F.3d at 789 (quoting *Rita*, 127 S. Ct. at 2468); *Lalonde*, 509 F.3d at 769-70.  Thus, the question that we must answer is whether the district court adequately addressed Robertson's argument.  We conclude that it did not.

Complete review of the sentencing transcript reveals that the sole discussion by the district court that involved the double-counting argument was the short colloquy regarding the *Wheeler* case between the district court and Robertson's counsel.  This colloquy suggests that the district judge may not have understood the argument that Robertson was making.  The district judge, as did the Government in its response to Robertson's sentencing memorandum, seems to have misunderstood Robertson to be contending that it was legally improper to double-count his prior convictions.  *See* J.A. at 45 (Sent. Hr'g Tr. at 4) ("THE COURT:  All right.  Mr. Small, I think [the] government pointed out there is [a] Wheeler case arising out of our state that says it's appropriate to consider these drug convictions.").  Robertson's actual argument was that, although double-counting is legally proper, in his particular case such counting resulted in a guideline range greater than necessary to

_____

[2]In a recent decision, *United States v. Stephens*, 549 F.3d 459 (6th Cir. 2008), we noted that a district court is not required to award a departure or variance on double-counting grounds. *Id*. at 468.  However, Robertson is not arguing that the district court erred by not awarding a variance, but only that the district court did not consider this argument.  Therefore, *Stephens* is not applicable to the instant appeal.

achieve the sentencing objectives of § 3553(a), and thus a downward variance under § 3553(a) was warranted.[3]

Even though Robertson's counsel clarified this issue twice during the sentencing hearing, the district court never responded to this argument. Rather, the district judge simply described Robertson's criminal history and pronounced his sentence. Had Robertson argued only that, generally speaking, his criminal history did not support the guideline range calculated when applying the § 3553(a) factors, the district court's mere recitation of Robertson's criminal history may have been sufficient. *See Rita*, 127 S. Ct. at 2469 ("Where a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."). However, this is not a case "[w]here [the] matter is . . . conceptually simple," nor does "the record make[] clear that the sentencing judge considered [Robertson's] arguments," *id*.; Robertson's argument was much more specific and complex than a general § 3553(a) variance argument and thus the district court was required to "address [Robertson's ']argument[]' and 'explain why he has rejected th[e] argument[].'" *Peters*, 512 F.3d at 789 (quoting *Rita*, 127 S. Ct. at 2468); *Lalonde*, 509 F.3d at 769-70; *see also Rita*, 127 S. Ct. at 2468 (implying that, when a defendant "argues that the Guidelines reflect an unsound

---

[3]Contrary to the dissent's assertion, Robertson's argument was not simply that "the Guideline range is unnecessarily high under the parsimony provision" of § 3553(a), Dissent at 4, but rather was a more nuanced argument that the use of double-counting, though proper under the guidelines, caused Robertson's guideline range to be too high. Both Robertson's sentencing memorandum and his counsel's argument at the sentencing hearing specifically mention the double-counting argument. J.A. at 17-18 (Sent. Mem. at 4-5); J.A. at 45-47 (Sent. Hr'g Tr. at 4-6).

Moreover, Robertson's actual argument, as opposed to the argument that the dissent insists Robertson made, is a more complex argument than a generic invocation of the parsimony provision. An argument that the application of a particular guideline-approved practice in a specific case produces a sentencing range that is unnecessarily high raises substantial particularized issues well beyond a simple parsimony argument that a sentencing range is excessive.

judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way—or argues for departure," a district judge should speak more elaborately than in a typical case). In this case, the district court provided no such review and explanation.

The Government makes much of the fact that the district court, when detailing Robertson's criminal history, referred to the particular conviction that Robertson contends was double-counted. However, the mere mention of the crime does not mean that the district judge understood and considered the specific double-counting argument, especially in light of the fact that the conviction in question was mentioned in tandem with many other prior convictions that Robertson did not argue were double-counted. This context strengthens our belief that the district judge simply looked at Robertson's criminal history in general, and did not consider how the double-counted conviction was applied in calculating the guideline range.

Moreover, after pronouncing the sentence, the district judge specifically addressed the other two grounds Robertson raised in support of Robertson's request for a variance, stating that "[t]he Court has tried to recognize your recent efforts at getting a vocation that will give you a job, a productive job. The Court has tried to recognize your sensitivity to the needs of your daughter." J.A. at 57 (Sent. Hr'g Tr. at 16). The district court's specific mention of these two arguments for a variance while failing to discuss Robertson's primary argument for a variance lends further support to our conclusion that the district judge did not understand Robertson to be arguing for a variance based on the double-counting ground. There would be no other logical reason to specify only two of the three grounds Robertson raised in support of a variance.

The Government further contends that Robertson's sentence was not procedurally unreasonable because, in this case, "[t]he District Court's discussion of the Section 3553(a) factors

11

was more detailed and responsive than in cases where this Court has found [that] the sentence was procedurally unreasonable due to the court's failure to address a defendant's sentencing arguments." Gov't Br. at 27. This assertion is inaccurate. In *Thomas*, "[t]he district court noted that it 'ha[d] received [Thomas's sentencing memorandum], read it and underst[oo]d its presentations." *Thomas*, 498 F.3d at 339 (second and third alterations in original). The district judge then addressed some of Thomas's arguments, calculated the applicable guideline range, and explained why he was sentencing Thomas in the middle of that range. *Id.* The panel vacated Thomas's sentence, stating that

> Thomas in his sentencing memorandum raised a number of arguments regarding application of the § 3553(a) factors, but those arguments went unmentioned and unaddressed, save the general statement by the district court that it had received, read, and understood the sentencing memorandum. In such circumstances, we must conclude that "the 'context and the record' do not 'make clear' the court's reasoning.

*Id.* at 341 (quoting *United States v. Liou*, 491 F.3d 334, 339 n.4 (6th Cir. 2007) (quoting *Rita*, 127 S. Ct. at 2469)).

Similarly in *Peters*, when faced with a "'Statement of Reasons' that set out a number of mitigating factors" regarding why Peters, upon resentencing, should receive a "time-served" sentence, the district court made only "a cursory statement acknowledging Peters'[s] arguments, [and] did not address the defendant's 'time-served' argument or the mitigating factors" noted. *Peters*, 512 F.3d at 788. The panel vacated the sentence, stressing that the district judge did not "address the 'parties' arguments' and 'explain why he has rejected those arguments'" and thus the sentence was procedurally unreasonable. *Id.* at 789.

As in *Thomas* and *Peters*, the district judge in the instant case was faced with a sentencing memorandum that raised a non-frivolous argument that the district judge did not address specifically

12

at the sentencing hearing.  Nowhere in the sentencing hearing transcript is it evident that the district judge understood, let alone considered, Robertson's double-counting argument, which defense counsel renewed at the hearing.  Thus, we hold that Robertson's sentence is procedurally unreasonable.

### III.  CONCLUSION

Because the district court erred when it failed to address Robertson's double-counting argument, we **VACATE** Robertson's sentence and **REMAND** for resentencing.

**JAMES S. GWIN, District Judge.**

Because Defendant Robertson's double-counting argument was no different from his § 3553(a) argument that the Guideline range was too high, and because the district court both considered and sufficiently explained his reasons for rejecting that argument, I respectfully dissent.

With his sentencing memorandum, Robertson explicitly asked the district court, "pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. §§ 5K2.0, 5H1.2 and 5H1.6, to *depart downward* from the recommended advisory guideline range." J.A. at 14 (emphasis added). In addition to his request for a downward departure, Robertson asked the district court for a variance of "63 months, as such a sentence is sufficient, but no greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a)." *Id.*

As grounds for a departure, Robertson's double-counting argument fails. *See* 18 U.S.C. § 3553(b) ("[T]he court shall impose a sentence of the kind, and within the range . . . unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."); Appl. Note 10 to U.S.S.G. § 2K2.1 ("Prior felony conviction(s) resulting in an increased base offense level . . . are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History)."); U.S.S.G. § 5K2.0(a)(2)(B) ("A departure may be warranted in the exceptional case in which there is present a *circumstance that the Commission has not identified* in the guidelines but that nevertheless is relevant to determining the appropriate sentence.") (emphasis added); *United States v. Wheeler*, 330 F.3d 407, 413-14 (6th Cir. 2003). The district court was aware of this Court's

decision in *United States v. Wheeler*, 330 F.3d 407 (6th Cir. 2003), and calculated the Guideline range accordingly. *See* J.A. at 45-46.

The majority, however, concludes that "[a]lthough Robertson used the word 'departure,' it is clear from the context . . . that what Robertson was really requesting was a downward variance based on the § 3553 factors because of the double-counting issue." Majority Opinion at 8-9. I agree. In making the double-counting argument, the Defendant made no argument different from an argument under § 3553(a): "Because of this [double-counting] anomaly, the advisory guideline range in the present case results in a somewhat greater than necessary term of punishment to satisfy the purposes of sentencing." J.A. at 18. Robertson was simply arguing that the Guideline range was greater than necessary under § 3553's parsimony provision.

To find that this case should be remanded for re-sentencing, the majority reasons: "Robertson's argument was much more specific and complex than a general § 3553(a) variance argument and thus the district court was required to address [Robertson's] argument[] and explain why he has rejected th[e] argument[]." Majority opinion at 10-11 (citing *United States v. Peters* 512 F.3d 787, 788-89 (6th Cir. 2008)) (internal quotations omitted).

However, Robertson's sentencing memorandum made no specific or complex argument regarding double-counting. In the memorandum, Robertson's complete position on the issue was:

> The PSR places Mr. Robertson in a Criminal History Category of V. Included in this calculation are three criminal history points for a conviction in 2000 for attempted sale of less than .5 grams of cocaine. (PSR ¶ 34). Because of this same conviction, Mr. Robertson received an offense level increase from 20 to 24. (PSR ¶ 11). Mr. Robertson respectfully requests a downward departure, based on what amounts to dual punishment for the same conviction. Typically, the guideline provisions in Chapter Two, establish offense levels based on a defendant's relevant conduct, rather than a defendant's prior record. However, firearms offenses under § 2K2.1(a)(2), primarily give greater weight to a defendant's prior convictions in establishing the

offense level. The more egregious exceptions being for immigration offenses under U.S.S.G. § 2L1.1. Because of this anomaly, the advisory guideline range in the present case results in a somewhat greater than necessary term of punishment to satisfy the purposes of sentencing.

J.A. at 18. The majority of this passage is descriptive; only the final sentence makes an argument, contending generally that the double-counting results in a greater than necessary sentence.

At the sentencing hearing, Robertson completely gave up the double-counting issue, save a cursory request that the issue be considered under the § 3553(a) factors. When the district court asked Robertson's attorney whether *Wheeler* prevented the double-counting argument, defense counsel acknowledged there were no grounds to depart from the Guideline calculation. He explained that the double-counting argument should only be considered under the § 3553(a) factors:

> That's the argument I'm making, Your Honor. I'm just making it under the 3553(a) factor . . . So I was just making that argument for factors under 3553(a), not as a specific objection to the guideline calculations.

J.A. at 45.

These brief, unsupported positions exhaust all references that Robertson made to the double-counting issue in his sentencing memorandum and at the sentencing hearing. Given Robertson's cursory treatment of the double-counting issue, I do not believe the record supports the majority's finding that Robertson's argument was specific. As the references described above show, Robertson simply made an argument that he suffered double-counting and such double-counting caused his Guideline range to be too high under § 3553(a).

Moreover, the record nowhere supports the majority's suggestion that Robertson's double-counting argument was complex. As discussed above, Robertson simply argued that whatever double-counting occurred caused his Guideline range to be unnecessarily high under § 3553(a)'s

16

parsimony provision. Robertson's argument was not uncommon or complex. Sentencing courts receive arguments that the Guideline range is unnecessarily high under the parsimony provision in nearly every case.

In this case, the district court heard and considered the Defendant's argument that 63 months was a sufficient but not greater than necessary sentence. In rejecting that suggestion, and deciding on the Guideline sentence of 84 months, the district court specifically considered the Defendant's criminal history, including his past offense conduct and also the circumstances of the offenses and the lenient sentences the Defendant had previously received. *See* J.A. at 55-56. All of these factors led the district court to believe a 63-month sentence was not sufficient and an 84-month sentence was not greater than necessary.

In arriving at this conclusion, the district court "recognize[d] that [the Defendant] has made some efforts to improve himself," including through his vocational efforts and his relationship with his daughter. J.A. at 56-57. The majority reasons that because the district court addressed these arguments that the Defendant had raised, but failed to explicitly refer to the double-counting argument, the district court must not have understood the Defendant's argument for a variance based on the double-counting. J.A. at 12. According to the majority, "[t]here would be no other logical reason to specify only two of the three grounds Robertson raised in support of a variance." *Id.*

However, the district court's reference to the Defendant's arguments for a variance based on his vocational efforts and his relationship with his daughter were likely the result of the emphasis placed on those arguments by the Defendant himself. In addition to mentioning them in the sentencing memorandum, Robertson's attorney elaborated on both these arguments at the hearing. *See* at 48-49. Robertson, himself, also raised both of these issues when, seeking leniency, he

17

addressed the district court at his sentencing. *See* J.A. at 50-51. As important, Robertson's double-counting argument simply argued that the Guideline range was unnecessarily high. The district court's discussion of Robertson's relationship with his daughter and his efforts to learn a trade were directly related to Robertson's argument that double-counting caused his Guideline range to be too high.

I conclude that the district court considered the double-counting argument, which was no different from, nor more complex than, an argument that a Guideline sentence would be too long. Therefore, I believe the sentencing was procedurally reasonable and the district court did not abuse its discretion in rejecting the Defendant's contention that the Guideline sentence imposed was greater than necessary.