

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# USA v. Elias Morales-Morale

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Elias Morales-Morale" (2009). *2009 Decisions.* Paper 1575.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1575

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2181

_____

UNITED STATES OF AMERICA

v.

ELIAS MORALES-MORALES
a/k/a
Cruz Franco
a/k/a
Marlon Rivera
a/k/a
Franco Cruz
a/k/a
Evelio Rodesno
a/k/a
Cruz I. Franco
a/k/a
Efrain Hernandez-Rivera
a/k/a
Rogerlio I. Acevado
a/k/a
Rogelio Acevado,

Elias Morales-Morales,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 1-07-cr-00034-001)
District Judges: Honorable Sean J. McLaughlin

_____

Before: RENDELL, AMBRO, and JORDAN, Circuit Judges

(Opinion filed April 07, 2009)

OPINION

AMBRO, Circuit Judge

Elias Morales-Morales (hereinafter "Morales") appeals his within-Guidelines sentence of 90 months' imprisonment for one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326.[1]  He argues that his sentence is procedurally unreasonable for three reasons: (1) it was longer than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a); (2) the 16-level enhancement to his offense level under the U.S. Sentencing Guidelines § 2L1.2 reflected impermissible double-counting; and (3) the District Court improperly disregarded his motive for illegally reentering the United States.  For the following reasons, we affirm the District Court's sentence.

I.

**A.      Background**

Morales is a Mexican citizen who illegally reentered the United States in 2005 after being removed in 2004.  He was caught two years later, in 2007, when the

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Pennsylvania State Police responded to the report of a fight at a campground, during which Morales pulled a knife on another man. The police arrested Morales. While in custody, he repeatedly lied to police about his name and nationality. His true identity was confirmed only after he was fingerprinted. He also stated that he did not fear harm if removed to Mexico. Thereafter, he was indicted in the Western District of Pennsylvania for illegally reentering the United States.

Morales's criminal history in the United States is lengthy, amounting to eight convictions and several more arrests that date back to the late 1990s. He has repeatedly violated parole, and his less serious criminal convictions include multiple counts of theft, driving with a suspended license, reckless driving while under the influence, and giving false identification to law enforcement. He also has a history of lying about his identity, as is obvious by the long list of aliases included in the caption to this case.

His two most serious convictions involve resisting arrest by breaking the hand of an officer who was trying to arrest him during a multi-vehicle hit-and-run episode in 2000 and committing a lewd and lascivious act upon a girl under the age of 14 (felony assault) in 2002. For the former crime he was sentenced to three years in California state prison, and for the latter crime he was sentenced to two years in prison. He did not serve the full term for either conviction. When Morales was paroled in 2004, he was, as noted, removed to Mexico.

**B.     Guilty Plea and Sentencing for Illegal Reentry**

In 2008 the District Court held a change-of-plea hearing, during which Morales

pled guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326.

The Presentence Report prepared by the Probation Office (the "PSR") included Morales's previous criminal convictions and his statement to Pennsylvania police officers that he did not fear harm if removed to Mexico. It calculated his recommended Sentencing Guidelines range between 77 and 96 months' imprisonment, which included a 16-level increase to his offense level pursuant to Guidelines § 2L1.2 ("Unlawfully Entering or Remaining in the United States"). Morales filed one objection to the PSR, which he later withdrew at the sentencing hearing.

At that hearing, Morales conceded that the recommended Guidelines range set out in the PSR was proper, but asserted that a sentence at the bottom of the range would be "sufficient" to achieve the statutory sentencing goals. Morales also made a short statement, indicating that he feared removal because of a "grudge against his family." In response, the Government noted that Morales had lied repeatedly to authorities. He also offered no corroborating evidence beyond his statements and acknowledged that he had lied about his identity when arrested. At the end of the colloquy, the Court adopted the PSR and considered the applicable 18 U.S.C. § 3553(a) sentencing factors to determine that 90 months' imprisonment was an appropriate sentence.

## II.

The Sentencing Guidelines are advisory, and no longer mandatory, following the Supreme Court's decision in *United States v. Booker*. *See Gall v. United States*, 128 S.Ct. 586, 594 (2007) (citing *Booker*, 543 U.S. 220 (2005)). We review a sentence under a

4

deferential "abuse of discretion" standard. *Id*. "[O]ur role is two-fold. We must first ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise,* 515 F.3d 207, 217 (3d Cir. 2008). Examples of procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *Id.* (quoting *Gall*, 128 S.Ct. at 597). With respect to the applicable § 3553(a) factors, the court need not "discuss and make findings as to each of [them] if the record makes clear [it] took the factors into account in sentencing" and gave them "meaningful consideration." *Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (internal citations omitted). Instead, a sentencing judge "'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir. 2007) (quoting *Rita v. United States*, 551 U.S. 338, __, 127 S.Ct. 2456, 2468 (2007)).

If we conclude that a court committed no procedural error, we then review the substantive reasonableness of the sentence. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218 (citation omitted).

A.     **Severity of the Sentence**

Morales argues that his sentence is greater than necessary to meet the sentencing

5

goals of punishment and deterrence. At the sentencing hearing, he argued that a sentence at the bottom of the Guidelines range, or 77 months, would be more than six times longer than any one of his previously served terms of imprisonment. He asserted that "this dramatic increase in sentence is sufficient, but not greater than necessary[,] to punish [ ] and deter him and others from illegally reentering the country."

Although Morales claims that his sentence is procedurally unreasonable, essentially he also challenges its substantive reasonableness. We do not view this solely as a procedural issue because the District Court gave "meaningful consideration" to the applicable § 3553(a) sentencing factors in fashioning his sentence. *See Lessner*, 498 F.3d at 203. The Court specifically discussed the need to punish Morales for illegal reentry and deter him from committing future offenses.[2] It listed his prior convictions, noting the more serious nature of the offenses over time and his "significant criminal history." Given this history, the Court stated that he "has proved to represent a danger to the community, including children." It also believed that he likely would try to reenter the United States after removal, such that the punishment given was needed to protect the public and provide some measure of deterrence so that he and others would "know that there are serious consequences to [these actions]."

There is also no question that his sentence of 90 months' imprisonment is substantively reasonable. Given, among other things, his long and serious rap sheet,

---

[2]We note that the authorities detected Morales's illegal reentry only after he was arrested for a violent assault involving a knife, although he was never indicted for the latter crime.

6

repeated lies to authorities, lack of history of gainful employment or other productive efforts in the United States, and failure of his previous periods of incarceration to provide deterrence, this argument borders on disdainful.

## B.  Double-Counting

Morales next argues that the Guidelines range was flawed because Guidelines § 2L1.2, which is the sentencing companion to 8 U.S.C. § 1326, impermissibly double-counts prior convictions in the offense level and the criminal history category when calculating the Guidelines range. *See* U.S. Sentencing Commission Guidelines Manual § 2L1.2(b)(1)(c) (adding eight levels for the "specific offense characteristic" of a "conviction for an aggravated felony" to the base offense level of eight, totaling 16). This is a new legal argument on appeal. It was not presented before the District Court as a formal objection to the PSR's Guidelines calculations, nor was it argued at the sentencing hearing. *See* Fed. R. Crim. Proc. 32(f) ("Within 14 days after receiving the presentence report, the parties *must state in writing any objections*, including objections to material information, *sentencing guideline ranges*, and policy statements contained in or omitted from the report.") (emphases added).

Prior to sentencing, Morales's counsel only lodged one formal objection to the PSR's calculations under another Guidelines section and unrelated to his current argument. In any event, he withdrew that objection at the sentencing hearing. Consequently, neither the Court nor the Government could give this argument proper consideration. Although we may have some discretion to consider a legal argument "'not

7

raised in the district court when prompted by exceptional circumstances,'" this is not such a situation, and thus we deem the argument waived. *See Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005) (quoting *Selected Risks Ins. Co. v. Bruno*, 718 F.2d 67, 69 (3d Cir. 1983)) (noting that "[i]t is well established that failure to raise an issue in the district court constitutes a waiver of the argument in this Court," but may be considered in an "exceptional case") (internal quotations and citations omitted); *see also United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007) (stating that a district court "must acknowledge and respond to any *properly presented* sentencing argument which has colorable legal merit and factual basis") (emphasis added).

To the extent Morales's argument also raises a procedural issue, we do not view that remand is necessary here. At the hearing, counsel argued that Morales has a "troubling" history of "priors," but that the severity of the sentence is "due primarily to the sixteen-level increase to his offense level for the prior conviction in California" because

> the way the guidelines function in this particular reentry situation is those priors have not only been taken into account in the criminal history categories, they've been taken into account very dramatically in the offense level. All of that is proper under the calculations of the guidelines. But I do think that it is important when you are trying to determine what ultimate sentence to impose, that the point be made and be considered by the court.

Appellant's App. 42–43. That short statement was the extent of counsel's position, and it conceded the propriety of the Guidelines calculations. Based on the record, counsel was asking for leniency in sentencing, or some type of variance from the proper Guidelines

8

calculations in light of the perceived severity of the Guidelines range.

Although the Court did not address the double-counting issue explicitly, in explaining Morales's sentence it thoroughly explained why the within-Guidelines sentence was proper under § 3553(a). Its reasoning was based in large part on Morales' extensive criminal history, which crimes also underlie the double-counting argument (see discussion in subpart A). In this context, we do not believe the Court committed procedural error.[3]

## C. Motive for Reentry

Morales also claims that his sentence is procedurally unreasonable because the District Court did not discuss his alleged motive for reentry. He asserts that he illegally reentered the United States because he fears for his life in Mexico. Although counsel did not raise this argument for mitigation at sentencing, Morales himself stated as much at his guilty plea and sentencing colloquies.[4]

This is a case where "the record makes clear that the [Court] considered the evidence and arguments, [and] we do not believe the law requires [it] to write more extensively." *Rita*, 127 S.Ct at 2469. During the sentencing hearing, the Court listened to

---

[3]We make no broad statement concerning double-counting and procedural error in other sentencing cases. See, *e.g.*, *United States v. Robertson*, No. 07-5904, 2009 WL 260705 (6th Cir. Feb. 4, 2009), a not-precedential opinion brought to our attention by Morales's Federal Rule of Appellate Procedure 28(j) letter.

[4]During Morales's guilty plea hearing, the District Court correctly noted that it was not interested in his motive at that time. *See United States v. Dyer*, 325 F.3d 464, 471 (3d Cir. 2003) ("It is evident from the language of 8 U.S.C. § 1326 that the motive of the illegal entrant in reentry is irrelevant to the commission of the offense.").

the parties' arguments, including Morales's short statement, and engaged both counsel and Morales in discussion. "[It] then simply found these [mitigating] circumstances insufficient to warrant a sentence" at the bottom of the Guidelines range. *Id.* It thoroughly explained why the applicable § 3553(a) sentencing factors warranted a sentence near the top of that suggested range. Specifically, it stated that Morales's situation was "distinctly different from a number of other illegal entry cases that have come through here. And it is most notably different by the significant criminal history of this defendant." In the end, it adopted the PSR, which was not objected to by Morales's counsel.

\* \* \* \* \*

For the reasons stated above, we affirm the District Court's within-Guidelines sentence of 90 months' imprisonment.