FILED
United States Court of Appeals
Tenth Circuit

August 19, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff- Appellee,

v.

ERNEST LEO VALDEZ,

Defendant - Appellant.

No. 09-1043

(D. Colorado)

(D.C. No. 1:08-CR-00129-JLK-1)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Introduction

Appellant Ernest Leo Valdez pleaded guilty to one count of unlawful possession of a machine gun, in violation of 18 U.S.C. §§ 922(*o*) and 924(a)(2).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court sentenced him to twenty-four months' imprisonment, the low end of the advisory guidelines range. Valdez now appeals his sentence, arguing the district court erred by failing to explicitly state its reasons for rejecting the arguments made in his written request for a variance. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Valdez's sentence.

## II.    Background

During a 2008 search of Valdez's residence by federal and local law enforcement officers, a Sten machine gun and a videotape were seized. Valdez made the videotape by surreptitiously filming his stepdaughter in the bathroom while she was undressing and showering. Valdez was charged with misdemeanor unlawful sexual contact, in violation of Colorado state law. He pleaded guilty to the charge and was sentenced to eighteen months' imprisonment.

While the Colorado state charges were pending, a federal grand jury indicted Valdez for unlawfully possessing a machine gun, in violation of 18 U.S.C. §§ 922(*o*) and 924(a)(2). Valdez pleaded guilty and the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR computed Valdez's total offense level to be fifteen. It computed his criminal history score to be four, assigning one point for a 2001 theft conviction and three points for the recent Colorado conviction for unlawful sexual contact. Valdez's criminal history score corresponded to a Criminal History Category III. Based on

the Criminal History Category and offense level, the PSR calculated the advisory guidelines range at twenty-four to thirty months' imprisonment.

Valdez did not object to the calculation of the advisory guidelines range, but he filed a written request for a downward variance from that range. He argued the sequence of prosecutions stemming from the 2008 search of his residence had the effect of increasing his criminal history score by three points. According to Valdez, if the federal case had proceeded before the state case, his advisory guidelines range would be eighteen to twenty-four months' and he would have had the opportunity to ask the state court to run its sentence concurrently with the federal sentence. During the sentencing hearing, Valdez referenced his written arguments when he asked the district court to impose a concurrent sentence. Based on its consideration of the § 3553(a) factors, the district court imposed a twenty-four-month sentence: the bottom of the advisory guidelines range. When it imposed the sentence, the court did not reference or expressly address the reasons Valdez asserted as justification for a downward variance. Valdez did not contemporaneously object to the sufficiency of the district court's explanation.

## III.  Discussion

Valdez argues his sentence is procedurally unreasonable because the district court did not adequately explain its reasons for rejecting his non-frivolous arguments for a downward variance. Because Valdez did not contemporaneously

raise this alleged procedural error during the sentencing hearing, we review his claim for plain error. *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

In *Ruiz-Terrazas*, this court addressed the very issue raised by Valdez in this appeal. *Id.* at 1199. We held that "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines." *Id.* at 1202. Because Valdez's sentence fell within a properly calculated advisory guidelines range, the district court did not commit plain error by failing to specifically address each of his arguments at the sentencing hearing.[1]

## IV. Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Valdez acknowledges his argument is foreclosed by this court's precedent but advises the court he has raised the issue in this appeal to preserve it for further review in light of the conflicting resolutions of the issue by the Third and Sixth Circuit Courts of Appeals. *See United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008); *United States v. Peters*, 512 F.3d 787, 788-89 (6th Cir. 2008).