NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0668n.06

No. 11-3840

FILED

Jun 21, 2012

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| DONTRAVON WILLIAMS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.*

PER CURIAM. Dontravon Williams, who is represented by counsel, appeals the district court's judgment sentencing him to seventy-two months of imprisonment.

On March 22, 2011, Williams pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), following his arrest in Cleveland, Ohio, for shooting a gun into the air during the early morning hours of New Year's Day. In his presentence report, Williams was found to have a base offense level of twenty-four, which was increased four levels pursuant to USSG § 2K2.1(b)(4)(B) because the firearm had an obliterated serial number. The offense level was decreased two levels for Williams's acceptance of responsibility, *see* USSG § 3E1.1(a), and decreased one additional level based on the government's request pursuant to USSG § 3E1.1(b). Williams's total offense level of twenty-five, along with his criminal history category of III, resulted

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

in an advisory Sentencing Guidelines range of seventy to eighty-seven months of imprisonment. Williams did not object to the report's Guidelines calculation.

At the July 12, 2011, sentencing hearing, Williams's attorney asked the district court to consider the fact that Williams did not obliterate the serial number on the firearm as a factor in favor of a reduction of sentence. The district court reviewed the factors set forth in 18 U.S.C. § 3553(a), addressed Williams's argument regarding the serial number, and sentenced him to seventy-two months of imprisonment. Williams argues on appeal that the sentence is procedurally unreasonable because the court "never articulated a reason why the variance argument . . . was rejected."

We review a district court's sentencing determination for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it imposes a sentence that is either procedurally or substantively unreasonable. *Id.* A sentence is procedurally unreasonable where a district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the section 3553(a) sentencing factors, selects a sentence based upon erroneous facts, or fails to adequately explain its chosen sentence and its deviation, if any, from the Guidelines range. *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 51). A sentence is substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)).

"When the defendant or prosecutor 'presents nonfrivolous reasons for imposing a different sentence,' . . . a sentencing judge should address the 'parties' arguments' and 'explain why he has rejected those arguments.'" *United States v. Peters*, 512 F.3d 787, 789 (6th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Rita*, 551 U.S. at 357.

The district court's sentence is not procedurally unreasonable. In accordance with Rita, the district court addressed the serial number argument, but found that it did not warrant a variance. The court explained that the enhancement applied even if Williams did not obliterate the serial number, *see* USSG § 2K2.1 cmt. n.8(B), and explained that an obliterated serial number is a risk one takes when the individual buys a gun off the street without knowing where it came from. Because Williams's argument is directly contrary to the policy set forth in the commentary to the enhancement, the district court's explanation was sufficient to show why it rejected Williams's argument. *See id.* at 358–59.

The district court's judgment is **AFFIRMED.**