NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0788n.06

No. 12-3836

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Aug 27, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| KERRY BOYER, JR., | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant - Appellant. | ) | |

Before:      **KEITH, WHITE, and STRANCH, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge**. Defendant-Appellant Kerry Boyer, Jr. pleaded guilty of possession of heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and maintaining a place for the purpose of manufacturing and distributing a controlled substance in violation of 21 U.S.C. § 856(a)(1). The district court sentenced Boyer to 75 months of imprisonment, followed by three years of supervised release. Boyer appeals the sentence. For the reasons stated below, we affirm the sentence imposed.

This criminal case arises from an Akron Narcotics Unit investigation. As a part of the investigation, an officer completed two controlled purchases of heroin from Boyer's home    the second purchase was followed by the execution of a search warrant, which led to Boyer's indictment and eventual guilty plea in this case. The search of the home resulted in the discovery of heroin, drug paraphernalia, security cameras, and a gun on top of a living room window.

The Presentence Investigation Report ("PSR") grouped both counts  Count One for possession with the intent to distribute heroin and Count Two for maintaining a premises for manufacturing, distributing, and using heroin  under the United States Sentencing Commission Guideline ("U.S.S.G.") § 3D1.2(c). The PSR recommended a base offense level of 20 pursuant to U.S.S.G. § 2D1.1(c)(10). It also recommended a two-level enhancement for maintaining a premises for manufacturing or distributing a controlled substance under U.S.S.G. § 2D1.1(b)(12) and another two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Defendant also received a three-level reduction for acceptance of responsibility. Once the total recommended offense level was calculated and Defendant's criminal history category was considered, the advisory guideline range was 70  87 months' imprisonment.

At sentencing Boyer raised objections to the guideline calculation. One such objection related to the two-level enhancement for possessing a firearm, claiming that the gun found on top of the window belonged to his co-defendant, who lived with him and had previously owned the home, and that he did not know it was there. The district court overruled Boyer's objection and applied the enhancement. The district court found that Boyer's possession of the firearm had been proven by a preponderance of the evidence.

Boyer also objected to the two-level enhancement for possessing and maintaining a premises for the purpose of distributing a controlled substance. Boyer argued that the home was used primarily as his residence, not for the purpose of distributing drugs. The district court overruled the objection. Boyer did not raise the issue of double counting that is raised in the present appeal before the district court. Boyer was ultimately sentenced to 75 months of imprisonment for each of the two counts, to run concurrently.

**DISCUSSION**

On appeal, Boyer challenges two sentencing enhancements that the district court applied: 1) the two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance and 2) the two-level enhancement that was applied for possession of a dangerous weapon. Each is discussed below.

*A.       Double Counting*

Boyer raises four arguments regarding the application of the two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Boyer argues that the district court erred in applying the two-level enhancement because he was also convicted and sentenced under 21 U.S.C. § 856(a)(1) for maintaining a premises for manufacturing, distributing, or using heroin. Boyer argues that the court engaged in impermissible double counting. He adds that the alleged double counting rendered the sentence greater than necessary to achieve the goals of U.S.S.G. § 3553(a) and that his sentence is unconstitutional. Finally, he argues that because an objection based on double counting was not raised by trial counsel, he was denied effective assistance of counsel.

"[A]ll sentences   whether inside, just outside, or significantly outside the Guidelines range   [are reviewed] under a deferential abuse-of-discretion standard."[1] *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

_____

[1]Although an objection to a PSR that was not raised at the trial court is typically reviewed for plain error, Boyer escapes plain error review because the district court did not comply with *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). *See United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011) (reviewing an objection that was raised on appeal for the first time under the abuse-of-discretion standard due to the district court's failure to comply with *Bostic*'s requirement that the district court ask if the parties have any other objections that have not been raised).

"[I]mpermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999).

Here, there was simply no double counting. Boyer's maintenance of a premises for manufacturing or distributing drugs did not affect his sentence in more than one way. The PSR and the district court grouped Counts 1 and 2 when determining Boyer's base offense level. The base offense level was not affected by his plea to the § 856 offense    maintaining a place for the purpose of manufacturing and distributing a controlled substance. His base offense level was only determined by the drug quantity. Therefore, the conduct of maintaining a premises for the purpose of manufacturing or distributing drugs was only counted once    in the form of the two-level enhancement under U.S.S.G. § 2D1.1(b)(12). *See United States v. Green*, 305 F.3d 422, 437 (6th Cir. 2002).

Several of Boyer's additional arguments are based on the success of the double counting argument. Because double counting did not occur, we decline to address Boyer's arguments that his sentence was procedurally unreasonable, and that his trial counsel was ineffective for failing to raise an objection for double counting.

Boyer next argues that the application of the drug-premises enhancement makes his sentence substantively unreasonable. This Court reviews the substantive reasonableness of a district court's sentencing determination under a deferential abuse of discretion standard. *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008) (internal quotation marks omitted). Within-guidelines sentences enjoy a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389  90 (6th Cir. 2008) (en banc).

4

Relying on this court's decision in *United States v. Robertson*, 309 F. App'x 918 (6th Cir. 2009), Boyer argues that even if the district court did not err procedurally in applying the drug-premises enhancement, the application of the enhancement made his sentence substantively unreasonable. In *Robertson*, we instructed the district court to consider the defendant's argument that "although double-counting is legally proper, in his particular case such counting resulted in a guideline range greater than necessary to achieve the sentencing objectives of § 3553(a), and thus a downward variance under § 3553(a) was warranted." *Id.* at 923. Boyer argues that because of his personal history and attributes    he alleges he was a subsistence dealer who sold drugs primarily to support his own habit rather than a large scale distribution, has limited intellectual capabilities, is a drug addict, and likely suffers from PTSD    the court's application of the drug-premises enhancement makes his sentence substantively unreasonable.

When determining Boyer's sentence, the district court considered the § 3553 factors, discussing Boyer's criminal history and his severe addiction and relationship to drugs; the seriousness of his crime; the need for deterrence; and the risk to the public. Under such circumstances, Boyer's within-guidelines sentence, which included the district court's legally-proper application of an enhancement for maintaining a drug premises, was not substantively unreasonable.

Finally, although somewhat unclear, Boyer's argument regarding the constitutionality of the enhancement appears to be that because § 2D1.1(b)(12)'s enhancement is based on facts that constitute the separate crime of maintaining a place for the purpose of manufacturing and distributing a controlled substance, Congress intended that a defendant be punished for that conduct only when guilt is established beyond a reasonable doubt; because § 2D1.1(b)(12) permits an enhancement based on a judicial finding of facts by a preponderance of the evidence, it is unconstitutional.

5

However, many of the sentencing enhancements involve conduct that constitutes a separate offense. Moreover, Boyer pled guilty to the separate offense, which is the equivalent of a conviction beyond a reasonable doubt. Thus, all of Boyer's challenges to the drug-premises enhancement lack merit.

B.      *Dangerous Weapon*

Boyer also appeals the two-level enhancement that was applied for possession of a dangerous weapon under § 2D1.1(b)(1) of the Sentencing Guidelines. Specifically, he argues that the district court's finding was not supported by a preponderance of the evidence. Because we find no clear error, we affirm the application of the enhancement.

"A district court's determination that the defendant possessed a firearm during a drug offense is a factual finding that this court reviews under the clearly erroneous standard." *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008). We find clear error when a review of the entire record leaves us with a "definite and firm conviction that a mistake has been committed." *United States v. Lalonde*, 509 F.3d 750, 763 (6th Cir. 2007) (internal quotation marks omitted).

To apply the enhancement, "the government must establish that (1) the defendant actually or constructively 'possessed' the weapon, and (2) such possession was during the commission of the offense." *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996). Here, the district court's finding was based on defendant's constructive possession of the gun, which was found on top of a window in his home. Constructive possession of the gun can be established by "ownership, or dominion or control over the item itself, or dominion over the premises where the item is located." *Id.* (internal quotation marks omitted).

In this case, it is undisputed that Boyer was the owner of the premises where the gun was located. At the guilty plea hearing, Boyer admitted as part of the factual basis statement that heroin,

6

drug packaging supplies, a scale, and a firearm with ammunition were found in his house during execution of a search warrant. He also admitted that a cooperating source made a controlled purchase of heroin from him at the house before the search warrant was executed. The district court noted that Boyer used security cameras to protect his home and that it was likely he also protected his home with a firearm due to his possession and distribution of illegal drugs. The court reasoned that the admitted circumstances supported its finding that Boyer constructively possessed the gun and that the firearm was used in connection with the drug distribution.

Because we find no clear error in the district court's determination that Boyer constructively possessed a firearm in connection with his possession and distribution of heroin, we affirm the application of the two-level enhancement under U.S.S.G. § 2D1.1(b)(1).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.