*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0443p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

>    *Plaintiff-Appellee,*

>    *v.*

>    No. 05-6625

AUBREY CLARK,

>    *Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 03-10038—James D. Todd, Chief, District Judge.

Submitted: October 23, 2006

Decided and Filed:  November 29, 2006

Before:  SILER, MOORE, and GILMAN, Circuit Judges.

---

## COUNSEL

**ON BRIEF:**  April R. Goode, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant.  James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge.  Defendant-Appellant Aubrey Clark appeals his sentence for possession of cocaine with intent to distribute.  Clark previously appealed his conviction and his initial sentence, and we affirmed his conviction but vacated his sentence and remanded for resentencing.  Clark argues that, on remand, the district court erred by applying a reasonableness standard to determine his sentence rather than imposing a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).  Because the district court gave appropriate consideration to the applicable Guidelines range, the § 3553(a) factors, and Clark's arguments for a shorter sentence, we **AFFIRM** Clark's sentence.

### I.  BACKGROUND

On December 19, 2003, Clark was convicted by a jury on one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Clark was sentenced to 360 months in prison and eight years of supervised release.  On June 1, 2005, we affirmed his conviction, but

vacated his sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Clark*, No. 04-5389 (6th Cir. June 1, 2005) (unpublished order).

On remand, the district court calculated a base offense level of 26 and a two-level increase for obstruction of justice, resulting in an adjusted offense level of 28. Based on Clark's prior convictions, the district court determined a criminal history category of VI, but further concluded that Clark qualified as a career offender under Guideline § 4B1.1(a), raising his offense level to 37 with a recommended sentencing range of 360 months to life in prison. Clark objected to the determination that he qualified as a career offender, arguing that the small amounts of cocaine that he sold that led to three prior convictions did not justify career-offender status. Clark also argued that because he was 45 years old and suffered from diabetes, blood clots, ulcers, high blood pressure, and mental illness, a sentence below the Guidelines range was warranted.

The district court rejected Clark's argument that he did not qualify as a career offender, stating that Clark's repeated criminal activity and the corresponding damage to society justified a very long sentence. The district court noted Clark's health problems, but suggested that the healthcare and treatment programs in prison would benefit Clark. The district court also noted Clark's age and the likelihood that a sentence less than 360 months would be adequate to prevent Clark from committing further crimes upon release, given his advanced age at the time when he would be released. Accordingly, the district court sentenced Clark to 300 months in prison and eight years of supervised release. The district court also recommended a long-term drug treatment program while in prison and suggested to Clark that he take advantage of other available programs as well. Clark timely appealed.

## II. ANALYSIS

### A. Forfeiture

The government argues that Clark has forfeited appellate review of his sentence in two distinct ways. First, the government argues that Clark forfeited appellate review because, in his appellate brief, he "made conclusory statements without any effort at developing an argument." Appellee Br. at 12. The government is correct that an issue is deemed forfeited on appeal if it is merely mentioned and not developed. *See United States v. Reed*, 167 F.3d 984, 993 (6th Cir.), *cert. denied*, 528 U.S. 897 (1999). However, Clark clearly identified his argument that the district court's sentencing was procedurally unreasonable because the court allegedly applied the wrong standard, and counsel cited precedent on the issue and argued why that precedent required resentencing. Clark developed his argument sufficiently to raise the issue for appellate review.

Second, the government argues that Clark forfeited appellate review of his argument because he did not raise it below. We have set forth the following rule on this issue:

> [D]istrict courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, [must] ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal. If a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity [to] speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.

*United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (footnote omitted). Immediately after issuing its sentence, the district court asked defense counsel: "Anything else, Ms. Goode?" Joint Appendix ("J.A.") at 36 (Dist. Ct. Sentencing Hr'g Tr. at 34). The government contends that this

satisfied the district court's obligation to "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised."

A district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not been previously raised, and the context of the transcript in this case reveals why this is so. The district court announced to Clark that it was sentencing him to 300 months in prison and eight years of supervised release, specified the conditions of supervised release, waived any fines, ordered a special assessment of $100, informed Clark of his right to appeal, and suggested to Clark that he take advantage of mental health counseling, drug treatment programs, educational programs, and medical benefits while in prison. At that point, the district court briefly spoke with Clark's counsel, Ms. Goode, and the prosecutor, Mr. Kitchen:

> **The Court**: Anything else, Ms. Goode?
> **Ms. Goode**:  Would Your Honor specifically recommend the drug treatment program?
> **The Court**: I will. Obviously Mr. Clark is a serious drug user. I'll recommend the long-term drug treatment program for him.
> Anything else, Mr. Kitchen?
> **Mr. Kitchen**: No, sir, Your Honor.
> **The Court**: All right, take Mr. Clark back.

J.A. at 36-37. At that point, the district court concluded the proceedings.

Ms. Goode understandably could have interpreted the district court's question as a solicitation for any requested modifications to the sentence itself, such as additional or different treatment programs (as Ms. Goode then requested), rather than a solicitation for objections. The district court's question was ambiguous and thus did not satisfy its obligation to ask clearly for further objections. Accordingly, Clark's failure to raise his argument below does not limit us to plain-error review.

**B. Sentencing**

On appeal, we must determine whether a district court's sentencing determination was reasonable. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 1110 (2006). In determining reasonableness, we consider "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Id.*; *accord United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006). Accordingly, we "may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a)." *Webb*, 403 F.3d at 383; *see also Richardson*, 437 F.3d at 553. Furthermore, "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Richardson*, 437 F.3d at 554.

Clark argues that the district court erred by imposing what it believed to be a "reasonable" sentence. We have stated repeatedly:

> [A] district court's job is not to impose a "reasonable" sentence. Rather, a district court's mandate is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task.

*United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006); *see also Davis*, 458 F.3d at 509-10. However, at no point during sentencing did the district court state that it believed its task was to impose a reasonable sentence, or even use the word "reasonable." Moreover, even when a district court does misstate its task as that of imposing a reasonable sentence, we review the sentence imposed under the standards explained above. *See Davis*, 458 F.3d at 510; *cf. United States v. Jackson*, 466 F.3d 537, 539-40 (6th Cir. 2006) (concluding that a sentence was reasonable despite the defendant's argument that the district court erred by applying a reasonableness standard).

The transcript of the sentencing hearing in this case reveals that the district court considered in detail "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), taking into account Clark's age and medical problems, his past criminal conduct, and the offense for which he was convicted. The district court discussed the need for the sentence to protect the public from further crimes and to provide just punishment for the offense, as called for by §§ 3553(a)(2)(A) and (C). The district court discussed Clark's educational, medical, and other treatment needs and made specific recommendations to meet those needs, as called for by § 3553(a)(2)(D). The district court also addressed and took into account each argument that Clark raised — specifically, his career offender status, his age, his medical condition, and his drug addiction. Clark has not identified any relevant considerations that the district court failed to take into account, and has not argued that the length of Clark's sentence was unreasonable in and of itself. Accordingly, the district court's sentencing was reasonable.

### III. CONCLUSION

Because the district court gave appropriate consideration to the applicable Guidelines range, the § 3553(a) factors, and Clark's arguments for a shorter sentence, we **AFFIRM** Clark's sentence.