NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0088n.06

No. 08-5589

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 16, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JOHNNIE BENJIMAN DAVIS, II, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GUY, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Johnnie Benjiman Davis, II pled guilty to two counts of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). His Guidelines sentence would have been 32 years' imprisonment, which was the statutory minimum for the crimes. The district court departed upward, however, and sentenced him to 35 years' imprisonment. Davis now argues that the district court misapplied the 18 U.S.C. § 3553(a) sentencing factors when it chose the longer sentence. We vacate and remand for resentencing.

I.

Davis was involved in four bank robberies in December 2006 and January 2007. He was arrested for his involvement in them, and pled guilty to the firearms offenses described above. After his arrest, Davis gave several detailed statements in which he identified Eddie Lymas as a participant

in the robberies. Four days before Lymas's trial, however, Davis abruptly changed his story and said

that "I did not tell the truth, Eddie did not do it, it was somebody else." Lymas was acquitted at trial.

Davis then proceeded to sentencing. The government argued that, as a result of Davis's

turnabout regarding Lymas's involvement in the robberies, Davis should receive a sentence greater

than the 32-year statutory minimum. Davis objected, but the district court agreed with the

government and sentenced Davis to 35 years' imprisonment.

This appeal followed.

## II.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. *United

States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). "In determining reasonableness, we consider

not only the length of the sentence but also the factors evaluated and the procedures employed by

the district court in reaching its sentencing determination." *United States v. Clark*, 469 F.3d 568,

571 (6th Cir. 2006) (internal quotation marks omitted). The district court's task is to impose "'a

sentence sufficient, but not greater than necessary, to comply with the purposes'" of 18 U.S.C.

§ 3553(a). *Clark*, 469 F.3d at 571 (quoting § 3553(a)).

We have serious doubts about the reasonableness of the sentence imposed here. The court

imposed a sentence longer than 32 years based solely upon Davis's turnabout regarding Lymas's

involvement in the robberies. It did so by reciting a number of the § 3553(a) factors, and stating for

each factor a conclusion that, because of the turnabout, the factor supported a longer sentence. But

we respectfully do not think the court adequately explained *why* those factors supported a sentence

longer than 32 years. The court stated, for example, that the turnabout "suggests that the defendant

really hasn't come to terms with his own responsibility in the matter." But Davis never recanted his own confession of responsibility for the robberies; he only changed his story as to Lymas's responsibility. Similarly, the court said the turnabout "suggests to me that the defendant may be a greater risk than one would have thought." On the record before us, we see little basis for that conclusion. Davis had already confessed to being an armed robber; the fact that he was an *untruthful* armed robber as well, does not seem to us to make him so dangerous that a sentence of 32 years is not enough.

The court also omitted a clear finding that the 35-year sentence was "not greater than necessary" to comply with the purposes of § 3553(a). Given the length of the sentence imposed here, that question is one that warrants careful consideration and a specific finding.

We therefore vacate Davis's sentence and remand the case for resentencing. If the court chooses to impose a sentence of longer than 32 years, the court should explain why the § 3553(a) factors support the longer sentence.