NOT RECOMMENDED FOR PUBLICATION
File Name: 12a1020n.06

No.  11-6185

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JOE ANTHONY IVY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| DAVID MILLS, Warden, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

FILED
*Sep 18, 2012*
DEBORAH S. HUNT, Clerk

BEFORE:     Merritt, Moore, and McKeague, Circuit Judges.

**MERRITT, Circuit Judge.**  Joe Ivy, a Tennessee state prisoner represented by counsel, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging, *inter alia*, that his trial counsel rendered ineffective assistance by giving him erroneous advice about whether to accept a plea offer.  The district court denied his petition on that issue upon holding that it had been procedurally defaulted and that, in the alternative, Ivy could not succeed on the merits.  For the reasons stated below, we **AFFIRM** the judgment of the district court.

**I.  BACKGROUND**

On October 9, 1995, Joe Ivy shot and killed Calvin Hill.  Facing a charge of first-degree murder, Ivy declined multiple plea offers to lesser offenses and opted to go to trial.  A jury found Ivy guilty as charged and he was sentenced to life imprisonment with the possibility of parole.  *See State v. Ivy*, No. 02C01-9707-CR-00273, 1998 WL 813405 (Tenn. Crim. App. Nov. 25, 1998).  On

January 27, 2000, Ivy filed a pro se petition for post-conviction relief in state court asserting that his trial counsel rendered ineffective assistance of counsel in six respects, none of which related to the plea-bargaining process. The court appointed Ivy private counsel to pursue his appeal. Although evidence regarding plea-offer discussions between Ivy and his trial counsel was introduced at the post-conviction hearing, Ivy's attorney did not attempt to amend the post-conviction petition to include a claim that he had received ineffective assistance of counsel from his trial counsel's plea-offer advice (hereinafter "the plea-offer claim"). The post-conviction court did not discuss the matter in its order denying Ivy's petition or make any related findings of fact. Ivy's appeal included the plea-offer claim, but the Tennessee Court of Criminal Appeals held that the issue had been waived and declined to review the merits. *Ivy v. State*, No. W2005-01538-CCA-R3PC, 2006 WL 2241701, at *1-2 (Tenn. Crim. App. Aug. 4, 2006).

Ivy filed a habeas petition in federal district court on December 13, 2006, raising seven issues, the sixth of which was the plea-offer claim. The Warden moved for summary judgment on all claims and received a favorable ruling as to the first five. Although the Warden had argued that the plea-offer claim was procedurally defaulted because it had not been raised in Ivy's post-conviction petition, the district court denied summary judgment to the Warden in a December 2009 order stating: "[A]t this stage of the proceedings, [the Warden] has not satisfied his burden of demonstrating that this claim is barred by procedural default." A footnote indicated that the Warden was free to file another motion on that claim. In light of the factual disputes regarding the merits of the plea-offer claim, the court referred the matter to a magistrate judge for an evidentiary hearing. Concluding that Ivy received ineffective assistance of counsel during the plea-bargaining stage, the

magistrate judge issued a Report and Recommendation suggesting that Ivy's petition for a writ of habeas corpus be granted. However, the district court disagreed with the magistrate judge's prejudice analysis and decided to conduct its own *de novo* hearing on the matter.

Following the second evidentiary hearing, the district court issued an extensive order in September 2011 which concluded that the plea-offer claim had been procedurally defaulted by Ivy's failure to include it in his post-conviction petition or to amend the petition. In the alternative, the court held that Ivy could not succeed on the merits. Having already dismissed Ivy's sole remaining claim as procedurally defaulted, the court's order ultimately dismissed Ivy's habeas petition but granted a certificate of appealability as to the plea-offer claim. This appeal followed.

## II. DISCUSSION

"In appeals of federal habeas corpus proceedings, we review the district court's legal conclusions *de novo* and its factual findings under a 'clearly erroneous' standard." *Cvijetinovic v. Eberlin*, 617 F.3d 833, 836 (6th Cir. 2010) (citation omitted). The district court's determination regarding procedural default is subject to *de novo* review. *Id.* "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

On appeal, Ivy contends that the district court's September 2011 order "essentially granted" the Warden's motion for summary judgment. To that end, Ivy's entire argument is framed in terms of summary judgment. Because the court's December 2009 order denied the Warden summary judgment and no additional evidence on the matter was introduced, Ivy asserts, the court must have lacked a basis for purportedly granting the Warden summary judgment in the final order.

Ivy's position fails at the outset because it is clear that the district court's final order was a direct adjudication of Ivy's habeas petition rather than another pass at the Warden's summary judgment motion, which had been denied as to the plea-offer claim nearly two years earlier. The court's final order did not analyze the claim under the summary judgment standard or otherwise give any indication that the Warden's motion was still under consideration. Although the court may have given conflicting legal rulings regarding procedural default in the absence of new facts, Ivy does not suggest that a denial of summary judgment to a warden on an issue in a habeas proceeding is preclusive on future consideration of that issue, particularly here where the court expressly qualified its initial determination with the caveat "at this stage of the proceedings" and invited the Warden to re-raise the matter. Accordingly, Ivy's reliance on the summary judgment standard is misplaced.

More significantly, Ivy's appellate brief is devoid of any affirmative substantive argument maintaining that his plea-offer claim is not procedurally defaulted. He not only fails to explain why the district court was wrong in its final order (which is, of course, the subject of this appeal), he also fails to explain why the court may have been correct in deciding that the Warden was not entitled to summary judgment based on procedural default in its December 2009 order. *Cf. United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006) (holding that the appellant "developed his argument

sufficiently to raise the issue for appellate review"). Instead, all of the legal points and citations to authority in the procedural default portion of Ivy's brief address merely the standard for summary judgment, a matter that is irrelevant in this appeal. "[I]t is a settled appellate rule that [a party forfeits] issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 307 (6th Cir. 2010) (quoting *United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006)). In the absence of any developed argumentation on the relevant legal issue, we hold that Ivy forfeited any challenge to the district court's conclusion that the plea-offer claim was procedurally defaulted so as to bar habeas relief.

The judgment of the district court denying the writ of habeas corpus is affirmed.