*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 19b0006n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: KELLI PRATHER,

*Debtor.*

No. 18-8037

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Cincinnati.
No. 1:18-bk-12326—Beth A. Buchanan, Judge.

Decided and Filed: August 7, 2019

Before: DALES, HARRISON, and WISE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:** H. Leon Hewitt, HEWITT FOSTER LEGAL GROUP, LTD., Cincinnati, Ohio, for Debtor. Daniel M. McDermott, OFFICE OF THE UNITED STATES TRUSTEE, Cincinnati, Ohio, for Trustee.

_____

## OPINION

_____

TRACEY N. WISE, Bankruptcy Appellate Panel Judge. Debtor/Appellant Kelli Prather appeals from an Order granting a Motion to Dismiss her chapter 7 bankruptcy case with a two-year bar on refiling, filed by Appellee Daniel M. McDermott, United States Trustee for Region 9 ("Trustee"). Debtor's appeal lacks merit for several reasons.

## ISSUE ON APPEAL

Debtor, who appeared *pro se* in the bankruptcy court but is represented by counsel herein, presents one issue on appeal: "Did Debtor Notice [*sic*] receive notice of the proceedings requiring her to file documents?"  (BAP No. 18-8037, ECF No. 13 ("Debtor's Brief") at 3.)[1]

## JURISDICTION

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal.  The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and no party timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1).  A bankruptcy court's final order may be appealed as of right. 28 U.S.C. § 158(a)(1).  An order dismissing a bankruptcy case is a final order.  *In re Weixel*, 494 B.R. 895, 897 (B.A.P. 6th Cir. 2013) (citation omitted).

## FACTS

### A.     Debtor filed four bankruptcy cases within four years, including the case at issue.

Between October 2014 and June 2018, Debtor filed four bankruptcy petitions in the U.S. Bankruptcy Court for the Southern District of Ohio.[2]  First, she filed a chapter 13 petition in October 2014.  After the case was converted, Debtor's chapter 7 discharge was revoked because she failed to comply with an order directing her to turn over a tax refund to the chapter 7 trustee. Second, Debtor filed a chapter 13 petition in July 2017.  That case was dismissed after Debtor failed to turn over documents to the chapter 13 trustee.  Third, Debtor filed a chapter 7 petition in November 2017.  Trustee commenced an adversary proceeding to deny Debtor's discharge under § 727(a)(3), 727(a)(4), 727(a)(5) and 727(a)(6),[3] and the bankruptcy court entered a default judgment on May 23, 2018, after Debtor failed to respond to the complaint.  Finally, on June 14,

---

[1]Debtor's Brief identifies a second issue for appeal: "Was debtor afforded the opportunity to represent herself?"  (Debtor's Brief at 3.)  It later states that she "elected to withdraw this issue" and offers no argument on this point.  (*Id*. at 8.)

[2]Trustee designated pertinent documents from Debtor's prior bankruptcy cases in the record on appeal.

[3]Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2018, three weeks after the bankruptcy court granted the default judgment denying her discharge, Debtor filed another chapter 7 petition. (Bank. Case No. 18-12326, ECF No 1.[4]) This last case is now before the Panel.

**B.     Debtor failed to file required schedules or comply with a related deficiency notice, and the bankruptcy court entered an order confirming that no discharge would be awarded.**

Because Debtor's most recent petition, filed *pro se*, was incomplete—she failed to file schedules D, E, F, I, J, the Statement of Financial Affairs, and the Chapter 7 Statement of Current Monthly Income—the bankruptcy court issued a deficiency notice on June 15, 2018, directing Debtor to file the outstanding schedules within 14 days of her filing date. (ECF No. 9 (the "Deficiency Notice").) Her petition listed her residential address as 1034 Sunset Ave., Fl. #2, Cincinnati, Ohio 45205, and her mailing address as PO Box 141049, Cincinnati, Ohio 45350 (the "PO Box"). A BNC Certificate of Mailing certifies that the Deficiency Notice was served on Debtor at the PO Box on June 17. (ECF No. 13 at 4.) Debtor did not comply with the Deficiency Notice. In addition, because Debtor had two prior cases pending and dismissed within a year of her newest petition, the bankruptcy court entered an order confirming that the automatic stay was not in effect pursuant to § 362(c)(4)(A).

**C.     Trustee moved to dismiss Debtor's case.**

On June 29, 2018, Trustee moved to dismiss Debtor's case under § 707(a)(1), (2), and (3), and bar future filings for two years under §§ 105(a) and 349(a). Trustee contended that Debtor's case should be dismissed because her discharge was denied in her prior case, she had three other failed bankruptcy cases, she did not file all required schedules in her current case, and substantially all of her debts were non-dischargeable. Trustee requested a two-year bar against refiling because Debtor was a serial filer who filed her latest case in bad faith.

---

[4]Unless otherwise indicated, all remaining references the record are to the CM/ECF record in Bankruptcy Case No. 18-12326.

Debtor filed a timely response to Trustee's motion, which stated:

> This response comes before the court as a plea not to dismiss the bankruptcy filing and/nor to bar petitioner from filing bankruptcy for two years. To date, petitioner was unable to find employment with a living wage and/or enough money to hire an attorney. Since the petition was filed, petitioner has been able to find gainful employment and has consulted an attorney to assist with Court proceedings. Petitioner is not an attorney and has experience *[sic]* great difficulty understanding legal language, drafting motion *[sic]* and responding to notices from the Trustee[.] [F]or this reason, Petition[er] is requesting that the Court rules *[sic]* against the motions *[sic]* to dismiss and the motion to bar the Petitioner from filing bankruptcy and the federal relief/protection offered through bankruptcy.

(ECF No. 23.) Thus, Debtor's response does not mention anything about not having received the Deficiency Notice, which was discussed in Trustee's motion.

The bankruptcy court scheduled an evidentiary hearing on the motion to dismiss for August 16, 2018. Trustee filed a reply to Debtor's response that provided information about Debtor's prior filings, argued that her repeated filings prevented creditors from foreclosing on her property, and disputed the credibility of Debtor's contention that she lacked the ability to proceed without counsel, given her prior *pro se* bankruptcy experience. Trustee also filed a witness and exhibit list related to the hearing.

> **D.** **The bankruptcy court held a hearing and continued the motion to dismiss contingent on counsel appearing for Debtor.**

Debtor appeared *pro se* at the hearing on August 16. Debtor did not offer argument or evidence to dispute the substantive bases for Trustee's motion. Instead, the transcript of the hearing reflects that Debtor discussed her representation in the case with the bankruptcy court and requested a continuance to permit counsel to appear on her behalf. (ECF No. 62.) Trustee argued that there was no need for counsel to appear because the basis for the relief sought was clear. Nevertheless, because Debtor represented that counsel would appear in the case on her behalf if the motion were continued, and because the bankruptcy court wanted Debtor's counsel to address Trustee's request for a two-year bar to refiling, the bankruptcy court agreed to continue Trustee's motion to a subsequent date, contingent upon Debtor having counsel appear within fourteen days. However, the court expressly advised Debtor that, if no attorney appeared

on her behalf within that time frame, she would grant Trustee's motion and impose a two-year bar to refiling.

After the hearing, the bankruptcy court entered an order continuing the hearing on the motion to dismiss until September 20, 2018.  (ECF No. 30 (the "Continuance Order").)  The Continuance Order stated that the continuance was contingent upon an attorney filing a notice of appearance on Debtor's behalf within fourteen days.  It also stated: "[i]f no notice of appearance is filed, the United States Trustee may upload an order granting the *Motion of United States Trustee to Dismiss Chapter 7 Case and Request for Two Year Bar to Re-Filing* [Docket Number 18] which this Court will enter without further notice or hearing."  (*Id*.)

### E.    The bankruptcy court dismissed Debtor's case with a two-year bar on refiling.

No attorney appeared in the case on Debtor's behalf within that fourteen-day period.  Thus, the court entered an order dismissing Debtor's chapter 7 case with a two-year bar against re-filing on September 5, 2018.  (ECF No. 34 (the "Dismissal and Bar Order").)  The Dismissal and Bar Order referenced the Continuance Order and its contents, stated that fourteen days had passed and no attorney had appeared on Debtor's behalf, dismissed the case, and prohibited Debtor from filing another bankruptcy case for two years.  Debtor filed a timely notice of appeal.

## DISCUSSION

### I.    Standard of review.

This Panel reviews a bankruptcy court's dismissal of a case based upon § 707(a) for an abuse of discretion.  *Indus. Ins. Servs., Inc. v. Zick* (*In re Zick*), 931 F.2d 1124, 1126 (6th Cir. 1991).  "The bankruptcy court's decision to bar the Debtor from subsequent filings for two years … is also reviewed under the abuse of discretion standard."  *Cusano v. Klein* (*In re Cusano*), 431 B.R. 726, 730 (B.A.P. 6th Cir. 2010).   Under the abuse of discretion standard, the bankruptcy court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error. *Goldstein v. Bavelis* (*In re Bavelis*), 743 Fed. App'x 670, 675 (6th Cir. 2018).

## II.     Debtor's appeal lacks merit.

Debtor's only argument on appeal, through counsel, is that she did not receive the Deficiency Notice.  Debtor's Brief acknowledges the "presumption that an item properly mailed was received by the addressee" and states that "[t]he presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail."  (Debtor's Brief at 6 (citations omitted).)  Debtor's Brief notes that this is a rebuttable presumption.  (*Id*. at 6-7 (citing *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F. 2d 1320, 1323 (6th Cir. 1972); *In re Yoder Co.*, 758 F.2d 114, 1118 (6th Cir. 1985)).)  Finally, Debtor's Brief states that she did not receive the Deficiency Notice:

> Debtor contends she failed to receive Notice of deficient filing and Order stated above.  Debtor relates that she discovered the 341 Meeting was scheduled for July 24, 2018 when she conducted a search of the Bankruptcy Court's website when she was concerned that she had not received any written communication from the Court.  Debtor attended the scheduled 341 meeting as required. Debtor states that she informed the chapter 7 trustee she had not received any written notices of deficiency and the Meeting of Creditors was adjourned until August 14, 2018.  In the meantime, the U.S. Trustee filed a Motion to Dismiss Debtor(s) Chapter 7 Case and Request for Two (2) Year Bar to Re-Filing.  RE 18.  Debtor filed a response on July 19, 2018.  RE 23.  The court entered an Order Setting Hearing on the U.S. Trustee's Motion.  RE 24.  On August 16, 2018 a hearing was held, and Debtor contends that she informed the court that she had not received any written communications from the court and requested additional time to comply with Court's order.  Unfortunately, Appellant has no evidence other than her statement that she had not received the notices.  However, Ms. Prather stands by her assertion.

(*Id*. at 7-8.)  Based on this argument, Debtor "respectfully request [*sic*] this Court to reverse the lower court's Order of Dismissal dated August 16, 2018 in its entirety."  (*Id*. at 9.)

### A.     Debtor did not preserve the basis presented for her appeal.

Debtor failed to identify in the appellate record where she preserved her argument for appeal in the bankruptcy court.  Service is a fact-intensive issue, and nothing in the record reflects that Debtor raised this argument below, or that the bankruptcy court ever considered or ruled on the issue.  "Issues not litigated in the trial court are generally inappropriate for appellate consideration in the first instance."  *Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 544 (6th

Cir. 1996); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (stating that issues not presented to, and considered by, a lower court, are generally not preserved for appeal); *Bailey v. Floyd Cty. Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir. 1997) ("It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). Because Debtor failed to raise and preserve this argument in the bankruptcy court, and there is no suggestion from the briefing in this appeal that a plain miscarriage of justice will occur unless the Panel considers this argument on the merits, Debtor is deemed to have waived this argument. *MERV Props., LLC v. Forcht Bancorp, Inc.* (*In re MERV Props., L.L.C.*), 539 B.R. 516, 532-33 (B.A.P. 6th Cir. 2015) (finding that the appellant waived an argument by not presenting it first to the bankruptcy court).

**B.     Debtor failed to develop her argument regarding lack of service of the Deficiency Notice.**

Alternatively, Debtor's Brief does not explain why the Dismissal and Bar Order should be reversed *even assuming it is true that Debtor did not receive the Deficiency Notice*. Stated differently, Debtor offers no reasoned argument why the bankruptcy court abused its discretion by dismissing her case or by imposing a two-year bar on refiling. An "issue is deemed forfeited on appeal if it is merely mentioned and not developed." *U.S. v. Clark*, 469 F.3d 568, 569-70 (6th Cir. 2006). "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). To evaluate an argument on the merits concerning the Dismissal and Bar Order would require the Panel to create that argument for Debtor out of whole cloth. The Panel will not engage in that exercise.

**C.     The record does not support Debtor's argument.**

While Debtor's appeal fails for the reasons discussed above, the Panel also notes the lack of a factual basis underpinning her argument. First, Debtor's Brief cites no evidence whatsoever to support the claim that she did not receive the Deficiency Notice. Counsel's contentions in Debtor's Brief are not evidence. *See*, *e.g.*, *In re Spencer*, 568 B.R. 278, 280 (Bankr. W.D. Mich. 2017) (stating that legal argument is not evidence, and that legal arguments alone are insufficient

to sustain a motion requiring factual support). Second, the record contradicts Debtor's claim. A Certificate of Service filed in the record certifies that the Deficiency Notice was sent to the PO Box. This Certificate of Service creates a rebuttable presumption that Debtor received the Deficiency Notice. *Yoder Co.*, 758 F.2d at 1118. Debtor offers no evidence to rebut the presumption. Thus, Debtor's argument is both unsupported and, based on the record, inaccurate.

## CONCLUSION

The bankruptcy court's Dismissal and Bar Order is AFFIRMED.