NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0135n.06

No. 23-1268

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 20, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHAEL ALLEN KING, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellants. | ) | |
| | ) | OPINION |

Before: SILER, COLE, and MATHIS, Circuit Judges.

SILER, Circuit Judge. Defendant Michael King argues that his seventy-eight month sentence for possessing methamphetamine with the intent to distribute it is both procedurally and substantively unreasonable. He alleges that the district court plainly erred when it failed to explain its reasoning for imposing the sentence. But the record tells a different story: the district court provided King a thorough analysis of the 18 U.S.C. § 3553(a) factors as applied to his conduct. We therefore affirm King's sentence.[1]

## I.

A federal grand jury in Michigan indicted King for possessing methamphetamine with the intent to distribute it. 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court allowed King to return to his home state of Arizona while on bond. There, he punched his girlfriend in the face and tackled her to the ground. Upon finding King's girlfriend bloodied and upset, authorities arrested King and charged him with assault. King neglected to tell his federal pretrial services officer of

---

[1] We have determined that oral argument is unnecessary. *See* I.O.P. 34(a)(4).

the arrest. He later pled guilty to the federal methamphetamine charge, and then pled guilty to the Arizona assault charge. While preparing King's presentence investigation report, his probation officer learned of the Arizona assault conviction. She told the district court about King's conviction and included it in her calculation of King's criminal history category. This added one point to his criminal history score and bumped his criminal history category from II to III.

At sentencing, the district court accepted the criminal history category over King's objection and calculated King's guidelines range as seventy to eighty-seven months. The district court reviewed the factors outlined in 18 U.S.C. § 3553(a), including the seriousness of King's methamphetamine conviction, the potential harm to the public, and his extensive criminal history. It concluded that King's criminal history of "violation upon violation" demonstrated that he was undeterred by his previous sentences.

The district court sentenced King to seventy-eight months imprisonment, just shy of the midpoint of his guidelines range. King's sole objection was to the inclusion of the Arizona assault conviction in his criminal history calculation.

## II.

King's procedural unreasonableness argument is perplexing. The one issue he objected to during sentencing—the inclusion of his Arizona assault conviction in his criminal history calculation—begets only a passing reference in his brief. He complains that his behavior during his three months on bond was "totally compliant with his bond conditions"—absent, of course, what he deems the "minor" infraction of punching his girlfriend in the face, tackling her to the ground, and then failing to inform his probation officer of his arrest or conviction. Yet despite King's complaint, he does not suggest that it was improper for the district court to include his conviction in its calculation. Similarly, King refutes the government's suggestion at sentencing that he dealt drugs, but does not allege that this suggestion was improper. King's complaints,

ungrounded in law, do not constitute arguments. His claims are forfeited for want of argument. *See United States v. Clark*, 469 F.3d 568, 569-70 (6th Cir. 2006) ("[A]n issue is deemed forfeited on appeal if it is merely mentioned and not developed.").

King next alleges that the district court failed to explain his sentence, and instead "simply list[ed] the [18 U.S.C. § 3553(a)] factors and [his] characteristics," or alternatively, "simply selected a sentence without any explanation." He claims that this error was both procedural and substantive. Yet his sentencing transcript shows the district court thoroughly discussed the sentencing factors and applied them to the seriousness of his offense as indicated by the quantity of drugs, the growing seriousness of his criminal record as indicated by his progression from drug possession to distribution, his potential to harm the public in dealing methamphetamine, his undeterred history of flouting the law, and the potential benefits King could glean from educational, vocational, and anger management classes. The district court's discussion was sufficiently detailed to tell us which factors it considered at sentencing. It was therefore adequate. *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009).

Even had the district court's explanation been brief, it still would not have erred. Within-Guidelines sentences, like King's, do not require lengthy discussions. *United States v. Haj-Hamed*, 549 F.3d 1020, 1024 (6th Cir. 2008). And although King takes issue with the district court's failure to explain why it selected seventy-eight months "as opposed to some other sentence," the district court need not explain why it did not select alternative sentences. *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006).

AFFIRMED.